# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 04-80326-DHW
                                               Chapter 7
SCOTT ALAN MANN and
DEANNA LEE MANN,

        Debtors.

_____

LARRY DUVALL,

        Plaintiff,

v.                                             Adv. Proc. No. 04-8006-DHW

SCOTT ALAN MANN and
DEANNA LEE MANN,

        Defendants.


## MEMORANDUM OPINION

On June 7, 2004 Larry Duvall (hereinafter "Duvall") filed a complaint to determine the dischargeability of his claim against the debtors/defendants, Scott Alan Mann (hereinafter "Mann") and Deanna Lee Mann. Duvall contends that the debt was obtained by false pretenses, a false statement or actual fraud and is excepted from discharge by 11 U.S.C. § 523(a)(2)(A).

Trial was held in Opelika, Alabama on April 20, 2005. At trial the plaintiff was represented by Douglas A. Dellaccio, Jr., and the defendants were represented by Charles M. Ingrum, Sr. The defendants did not appear at the trial except through counsel.

## JURISDICTION

Jurisdiction in this adversary proceeding is derived from 28 U.S.C. § 1334

and from the United States District Court for this district's general order referring title 11 matters to this court. Further, because an action to determine the dischargeability of a particular debt is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), the court's jurisdiction is extended to the entry of a final order or judgment.

## FACTUAL FINDINGS

Mann is Duvall's nephew. In August 1995 Mann approached Duvall about co-signing with him on a loan through First Alabama Bank of Guntersville, Alabama.[1] The loan proceeds were to be used in Mann's carpet and furniture dyeing business. Mann represented to Duvall that his business was doing well and supplied Duvall with a prospectus of his business income. Duvall consented and co-signed the note as surety for the Manns' debt.

The note came due in July 1997. By that time the Manns had paid down the balance of the note to $9,156.20. Mann again approached Duvall about co-signing another note and as before, presented Duvall with a financial prospectus of his carpet and furniture dyeing business. The financial prospectus predicted a "nice" positive income for the business. Mann indicated to Duvall that he was doing well financially although he was considering limiting his business operations to servicing only residential customers and dropping the more competitive commercial accounts. Duvall testified that he should have suspected that all was not well with Mann's business upon learning this. Nevertheless, Duvall consented and co-signed this second note as the Manns' surety.

The second note, dated July 16, 1997, is in the amount of $17,156.20.[2] From those proceeds Mann received $8,000 cash, and $9,156.20 was used to pay off the remaining balance of the August 1995 loan. Under the terms of the note, the Manns were required to repay the loan in monthly installments of $446.15

---

[1] First Alabama Bank of Guntersville was subsequently acquired by or merged with Regions Bank.

[2] The July 16, 1997 note was admitted into evidence and is identified as Plaintiff's Exhibit P-1.

beginning August 15, 1997.

The Manns made only one monthly payment on the note, and ultimately, Regions called on Duvall to pay the debt. Duvall paid Regions and subsequently sued the Manns in state court where he recovered a judgment in the amount of $35,296.97.[3]

At no time did Deanna Lee Mann speak to Duvall about these loan transactions.

Duvall testified that he has subsequently learned that Mann's business was not doing well at the time the second note was signed and that the business prospectus was false.

The Manns filed a joint petition for relief under chapter 7 of the Bankruptcy Code on March 5, 2004. Therein, they scheduled Duvall's claim in the amount of $35,296.97.[4]

## CONCLUSIONS OF LAW

The Bankruptcy Code makes a debt obtained by fraud nondischargeable.[5] The statute provides:

---

[3] The judgment is for twice the amount of the original loan due to the accrual of unpaid interest on the indebtedness.

[4] The debtors' Schedule F-Creditors Holding Unsecured Nonpriority Claims was admitted into evidence and designated Plaintiff's Exhibit P-2.

[5] Exceptions to discharge must be strictly construed so as to give effect to the fresh start policy of the Bankruptcy Code. *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164-65 (11th Cir. 1995). Further, a creditor in a § 523(a) dischargeability complaint has the burden of proving the elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

3

(a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

      (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A).

In order to prevail in an action under 11 U.S.C. § 523(a)(2)(A), the creditor must prove the following elements: 1) that the debtor made a false representation to deceive the creditor; 2) that the creditor relied on the misrepresentation; 3) that the reliance was justified; and 4) that the creditor sustained a loss as a result of the misrepresentation. *SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998); *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996). Further, the false statement must concern a matter other than the debtor's financial condition. Finally, justifiable reliance, rather than the more stringent reasonable reliance or the more lenient actual reliance, is the standard in § 523(a)(2)(A) litigation. *Field v. Mans*, 516 U.S. 59, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995); *City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277, 281 (11th Cir. 1995).

Duvall contends that the Manns' promise to repay their second Regions Bank note was a fraudulent misrepresentation because they never intended to repay the obligation from the time of its making. Because the misrepresentation concerns a future rather than a past or existing fact, Duvall bases this complaint on a promissory fraud theory.

To establish a cause of action for promissory fraud under Alabama law, a plaintiff must establish: "(1) that the defendant made a false representation of a material fact; (2) that the false representation was relied upon by the plaintiff; (3) that the plaintiff was damaged as a proximate result of the reliance; (4) that the representation was made with a present intent to deceive; and (5) that when the representation was made the defendant intended not to perform in

4

accordance with it." *Howard v. Wolff Broadcasting Corp.,* 611 So. 2d 307, 311 (Ala. 1992). "The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform or abstain from some act in the future . . . is when the evidence shows that, at the time . . . the promises of future action or abstention were made, the promisor had no intention of carrying out the promises, but rather had a present intent to deceive." *Wade v. Chase Manhattan Mortgage Corp.*, 994 F. Supp. 1369, 1378 (N.D. Ala. 1997) (citing *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288 (Ala. 1981)). *See E & S Facilities, Inc. v. Precision Chipper Corp.*, 565 So. 2d 54, 58-59 (Ala. 1990); *Capital Chevrolet v. Bullock (In re Bullock)*, 317 B.R. 885, 889-90 (Bankr. M.D. Ala. 2004). Further, "[t]he failure to perform, alone, is not evidence of intent not to perform at the time the promise was made . . ." *Wade*, 994 F. Supp. at 1378 (citing *First Bank of Boaz v. Fielder*, 590 So. 2d 893 (Ala. 1991), *overruled on other grounds, Life Ins. Co. v. Smith*, 719 So. 2d 797 (Ala. 1998)).

Simply put, "the law places a heavier burden in those fraud actions where one attempts to prove fraud based on a misrepresentation relating to an event to occur in the future." *National Sec. Ins. Co. v. Donaldson*, 664 So. 2d 871, 876 (Ala. 1995). In such cases a plaintiff must prove that the debtor did not intend to perform or abstain and intended to deceive the plaintiff at the time the false representation was made. *Crowne Invs., Inc. v. Bryant*, 638 So. 2d 873, 877 (Ala. 1994). If such were not the case, every promise to perform in the future, such as a promise to repay a loan at a later date, would constitute nondischargeable fraud if the promise went unfulfilled.

This court, then, must decide whether the evidence will support a finding that the Manns never intended to repay the debt guaranteed by Duvall. The court must find indicia of fraud beyond the debtors' mere failure to repay the loan. The following circumstances are considered:

Immediacy of the default:

The Manns signed the note in question on July 16, 1997. The note required monthly installments of $446.15 commencing August 15, 1997. The Manns made only one monthly payment. While the failure to repay the note alone cannot form the basis of a finding of promissory fraud, the fact that a default occurred almost immediately lends credence to the plaintiff's contention

5

that the Manns did not intend to repay the debt from the beginning.

*False financial prospectus*:

Duvall testified that Mann presented him with a false business prospectus that portrayed the business' future in a rosy light.[6] A false statement concerning the debtor's or an insider's financial condition is not actionable under § 523(a)(2)(A). Such statements are actionable only under § 523(a)(2)(B). No § 523(a)(2)(B) count was asserted in the complaint *sub judice*. Nevertheless, if the debtor furnished the creditor with a false financial statement, that fact may bolster the creditor's contention that the debtor did not intend to repay the debt from its inception. That is, the giving of a false financial statement may be an indicium of promissory fraud.

*Duvall's subsequent knowledge of the condition of Mann's business*:

Duvall testified that at the time of the loan in question Mann told him that his business was doing well.[7] Duvall subsequently learned through discovery in this adversary proceeding that the business was actually floundering at the time of the second Regions Bank loan. Though Mann's oral representation respecting his financial condition is not actionable under 11 U.S.C. § 523(a)(2)(A), it may nevertheless bear on the debtor's intent to defraud under the theory of promissory fraud.

CONCLUSION

The evidence here points to three sets of circumstances from which the plaintiff contends the court could infer promissory fraud by Mann. No such

---

[6] Duvall testified that Mann furnished him with the business prospectus, but that Deanna Lee Mann never spoke with him about these loans or the business. Apart from signing the note promising to repay, Deanna Lee Mann made no other representations to Duvall regarding this obligation.

[7] As with the case of the alleged false financial prospectus, this statement is not actionable under § 523(a)(2)(A) because it relates to the debtor's financial condition. However, the statement may bear on the debtor's intent to defraud under a promissory fraud theory.

6

evidence exists respecting Deanna Lee Mann.

The most compelling of the three is the immediacy of the default. While the other two are not actionable under 11 U.S.C. § 523(a)(2)(A), they form a part of the totality of the circumstances from which the court may make inferences regarding fraud. The testimony regarding the false prospectus and the condition of the business, though conclusory, was uncontested. The court concludes that the plaintiff presented sufficient testimony to conclude, by a preponderance of the evidence, that the Mann did not intend to repay the loan at the time it was made.

A separate judgment will enter declaring the debt of Scott Mann to Larry Duvall nondischargeable. The judgment will declare the debt of Deanna Mann to Larry Duvall dischargeable.

Done this 11th day of August, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Douglas A. Dellaccio, Attorney for Plaintiff
    Charles M. Ingrum, Sr., Attorney for Defendants

7